# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-518(1) LY |
| | § | |
| RAUL NUNEZ, JR. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 15, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On May 26, 2010, Raul Nunez, Jr. was sentenced to 46 months of imprisonment, followed by three years of supervised release, after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Defendant commenced his supervision on December 31, 2012, and had problems virtually immediately. Specifically, on January 14, 2013, fifteen days after his supervision commenced, police were called to the Defendant's residence, where he was living with his girlfriend, Penny Selvera. They found Ms. Selvera with bruises and cuts, and she stated that the Defendant had assaulted her, and had threatened her with a knife. She also reported that the previous day the Defendant had strangled her, and officers reported seeing bruises around Ms.

Selvera's neck  Based on this evidence, Bastrop County Sheriff's deputies arrested the Defendant, and he was charged with aggravated assault.  Upon further investigation, the Probation Office learned that Ms. Selvera has a felony conviction and is on parole.  The Defendant had not disclosed this to the Probation Office, and had not obtained permission to reside with Ms. Selvera.

Based on the above, on January 17. 2013, the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing a new state law criminal offense, and by associating with a felon without permission.  The undersigned authorized the issuance of a warrant that same date.  The Defendant was arrested on that warrant on May 2, 2013.[1]  On May 15, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, with the exception that he declined to make a plea of true to the violation stemming from the pending state criminal charge.

## II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

---

[1] It appears from records provided to the Court that the Defendant posted a $75,000 surety bond in Bastrop County in January 2013, but was not released from state custody and handed over to federal officers until May 2, 2013.  While it is not clear precisely why the Defendant was not transferred to federal custody in January, it appears that it was the result of the federal warrant in this case, and further because Bastrop County never communicated to the US Marshal that Mr. Nunez was ready to be picked up on the federal warrant.  If this is true, then Nunez is entitled to credit toward any sentence imposed in this case for the time he spent in Bastrop County's custody from the date he posted bond until he was released to federal authorities on May 2, 2013.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by committing a new state law offense and by associating with a felon without permission.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category was a III, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment. Having considered

all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of May, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE